IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LELAND K. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV91 |
| | ) | |
| ORANGE COUNTY JAIL SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Orange County Jail Sheriff's Department's and Defendant Lt. Bolten's Motion to Set Aside Entry of Default [Doc. #18], and Plaintiff Edwards' Motion to Grant Damages [Doc. #22] and his Motions to Appoint Counsel, Set Date for Trial, and Set Date for Deposition [Doc. #25, #28, #29]. The Motions are now briefed and ready for decision. For the reasons set out below, Defendants' Motion to Set Aside Default should be granted, and Plaintiff's Motion to Grant Damages, Motions to Appoint Counsel, Motion to Set Date for Trial, and Motion to Set Date for Deposition will be denied.

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff was an inmate when he filed this action. According to his change of address notice, he is no longer incarcerated. Therefore, Plaintiff must complete a new Declaration and Request to Proceed In Forma Pauperis form to allow the Court to determine whether Plaintiff may continue *in forma pauperis* and whether it would be appropriate to require Plaintiff to make partial payments or

installment payments of the filing fee. The Court will direct the Clerk to send Plaintiff the IFP form. Plaintiff's failure to complete and return the IFP form may result in the dismissal of this action.

On October 29, 2015, the Clerk entered default against Defendants Orange County Jail Sheriff's Department and Defendant Lt. Bolten pursuant to Rule 55 of the Federal Rules of Civil Procedure for failing to file an Answer or otherwise respond to process served on July 22, 2015. (Entry of Default [Doc. #15].) On November 2, 2015, Defendants filed their Motion to Set Aside Default [Doc. #18].

In support of Defendants' Motion to Set Aside Default, the County Attorney for Orange County, John Roberts, submitted an affidavit [Doc. #20-1] explaining the circumstances surrounding the defaults. Mr. Roberts states that when Defendant Lt. Bolten[1] was served, Lt. Bolten forwarded the Complaint to the sheriff's legal advisor and to attorneys in the County Attorney's Office, but those individuals did not immediately act on the Complaint due to medical and family circumstances, and as a result, the Complaint was not further forwarded to the County's insurance carrier and no arrangements were made for counsel to defend the action. On October 29, 2015, the day that default was entered, the sheriff's legal advisor, Ms. Galassi, received a call from counsel for one of the co-defendants who advised her of the entry of default. Ms. Galassi called County Attorney Roberts who contacted the County's insurance carrier that same day. The insurance carrier assigned counsel to defend the action, and counsel

---

[1] Mr. Roberts spells the Defendant's name "Bolton," but the Court will use the spelling as Plaintiff wrote in his Complaint and as it appears on the Court's docket.

2

entered an appearance the next day, on October 30, 2015. Counsel filed the Motion to Set Aside Default two days later, on November 2, 2015.

Pursuant to the Federal Rules of Civil Procedure, the "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This "good cause" standard is to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). In determining whether "good cause" has been shown, the Court must consider (1) whether the moving party has a meritorious defense, (2) whether it acted with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the non-moving party, (5) whether there is a history of dilatory action, and (6) the availability of less drastic sanctions. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006).

In evaluating these factors, the Court first considers whether the defendant has raised a meritorious defense. In this case, to the extent Plaintiff attempted to name and serve the "Orange County Jail Sheriff's Department," Defendants argue that the "Orange County Jail Sheriff's Department" does not name an entity capable of being sued in federal court. This argument has considerable support in case law. See Parker v. Bladen Cty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (finding that the Bladen County Sheriff's Department lacked the legal capacity to be sued); Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004) (finding that the Cabarrus County Sheriff's Department is not a legal entity that can be sued); Capers v. Durham Cty. Sheriff Dep't., No. 1:07CV825, 2009 WL 798924, at *5 (M.D.N.C. Mar. 23, 2009) (finding that the Durham County Sheriff Department is not a legal entity capable of being sued);

3

see also Ellenburg v. Henderson Cty. Jail, No. 1:14CV290-FDW, 2015 WL 2127229, at *4 (W.D.N.C. May 6, 2015) (finding that the Henderson County Jail is not a legal entity capable of being sued). With respect to Defendant Lt. Bolten, Defendants argue that Lt. Bolten has a meritorious defense because the conditions of Plaintiff's confinement did not violate the Due Process Clause. Plaintiff alleges in his Complaint that he was housed at the Orange County Jail as a federal prisoner from October 2013 until April 2014. He says that he had earlier suffered a stroke and needed a wheelchair and shower chair, but they were not provided for him. He also alleges that during this time he was held in 23-hour-a-day lockdown because of his disabilities and medical conditions. He says that he was denied showers which resulted in mental and emotional distress. Plaintiff claims that he complained to Lt. Bolten once about not being allowed to bathe, and that most of the grievances Plaintiff filed about his living conditions were answered by Lt. Bolten who replied that the jail administration and medical staff were aware of his situation.

The conditions of a pretrial detainee's confinement implicate his due process rights rather than his Eighth Amendment rights, but in practice the standard for evaluating a claim is the same for both pretrial detainees and convicted persons. See Brown v. Harris, 240 F.3d 383, 388-89 (4th Cir. 2001) (holding that a pretrial detainee is entitled to the protections of due process, but concluding that the court need not decide whether the prisoner was convicted or a pretrial detainee because the standard is the same). Specifically, in either case, the standard is "whether a government official has been deliberately indifferent to any of his serious medical needs." Id. (internal quotation omitted). "Deliberate indifference requires a showing that the defendants

4

actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). After considering Plaintiff's allegations against this standard, it appears that Defendant Lt. Bolten has proffered a potentially meritorious defense to Plaintiff's claim, and this factor favors setting aside the entry of default so that the claims can be considered on the merits.

The second factor to consider is whether Defendant acted with reasonable promptness. Here, Defendants acted with reasonable promptness to set aside the entry of default by so moving 4 days after the entry of default. Therefore, this factor also favors setting aside the entry of default.

The third factor to consider is whether Defendants were personally responsible for the default. Based upon County Attorney Roberts' affidavit, it appears that Lt. Bolten should not be held personally responsible for the default. He timely forwarded a copy of the Complaint to the sheriff's legal advisor and to the Assistant County Attorney, who he reasonably believed would take the appropriate steps to respond to the action. Therefore, this factor weighs in favor of setting aside the default.

The fourth factor to consider is whether Plaintiff will be prejudiced by setting aside the default. Here, Plaintiff does not cite any particular prejudice in his response brief, likely because of the speed with which Defendants acted to set aside the default. This factor weighs in favor of setting aside the default.

Finally, with respect to the fifth and sixth factors, there is no history of dilatory action by Defendants, and there are less drastic sanctions available to remedy Defendants' tardiness in appropriately responding to the service of process in this matter. Therefore, these factors also weigh in favor of setting aside the entry of default.

Because the relevant factors weigh in favor of setting aside the default and good cause to do so has been shown, this Court should grant Defendants' Motion to Set Aside Default.

Plaintiff has also filed a "Motion to Grant Damages" [Doc. #22]. In this Motion, Plaintiff lists the particular amounts of damages he seeks from each Defendant and asks the Court to grant him those damages. The liability of Defendants has not yet been determined. Therefore the Court cannot grant Plaintiff the damages he seeks, and this Motion will be denied.

Plaintiff also has filed two Motions to Appoint Counsel [Doc. #25, #28] and a Motion to Set Date for Trial [Doc. #25, attachment]. It is premature to set a trial date for this action. A trial date will be set by the Clerk in the normal course if the matter is not resolved on dispositive motions. With regard to the appointment of counsel for Plaintiff, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, appointment of counsel is "a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). In considering a request for appointment of counsel, the United States Court of Appeals for the Fourth Circuit has held that a litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook

6

v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989) (holding that Section 1915 does not authorize compulsory appointment of counsel). Specifically, "[i]f it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). After reviewing the present case in light of these standards, the Court concludes that Plaintiff has set out his claims and does not lack the capacity to present those claims. In addition, the Court finds that at this stage of the proceedings the claims raised by Plaintiff would not warrant appointment of counsel. Thus, the Court finds that this case does not involve exceptional circumstances to justify appointment of counsel. Therefore, Plaintiff's request for counsel will be denied.

Finally, Plaintiff has filed a Motion to Set Date for Deposition [Doc. #29]. Plaintiff's Motion is premature because there has not yet been a scheduling order entered in the case. In addition, once the scheduling order is entered, Plaintiff will need to comply with Federal Rule of Civil Procedure 30 for scheduling depositions. Therefore, this Motion will be denied, and any issues regarding discovery will be addressed after the case is fully joined and a scheduling order has been entered.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Grant Damages" [Doc. #22], Motion to Appoint Counsel and to Set Date for Trial [Doc. #25], Motion to Appoint Counsel [Doc. #28], and Motion to Set Date for Deposition [Doc. #29] are DENIED. **Plaintiff shall complete and return to the Clerk a new Declaration and Request to Proceed In Forma Pauperis form on or before September 19, 2016. Failure to do so may result in dismissal of this action. The Clerk is directed to mail to Plaintiff a new IFP form for him to complete and return.**

IT IS RECOMMENDED that Defendants' Motion to Set Aside Default [Doc. #18] be granted, and that the Clerk's entry of default [Doc. #15] be set aside.

This, the 19th day of August, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge